FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2012 MAY 25  P 4: 04

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

CUSTOMINK, LLC,
    Plaintiff,

v.

OOSHIRTS INC.,
    Defendant.

Civil Action No.  1:12cv576
GBL/JFA

### COMPLAINT

Plaintiff CustomInk, LLC ("CustomInk" or "Plaintiff"), by and through its undersigned counsel, hereby asserts the following against Defendant ooShirts Inc. ("ooShirts" or "Defendant"). CustomInk makes these allegations on personal knowledge, and on information and belief.

### INTRODUCTION

1.    Plaintiff CustomInk is an e-commerce company that owns and operates http://www.customink.com (the "CustomInk Site"). Through the CustomInk Site, customers can create and order custom-designed apparel and other products. CustomInk employs numerous individuals to design and maintain the CustomInk Site, and to design and create original graphic images for the CustomInk Site.

2.    CustomInk has spent over a decade—and invested millions of dollars—designing and developing the CustomInk Site and the proprietary designs featured on it. During this period, CustomInk has developed a reputation for its creative and innovative website, for its original and licensed library of graphic designs, and for the quality of its custom printing and customer service. CustomInk has been recognized as a top internet retailer.

3.    This action arises out of the intentional copying by Defendant of core creative elements of the CustomInk Site, and of hundreds of proprietary graphic designs, through

Defendant's website, http://www.ooshirts.com (the "ooShirts Site"). It also stems from the harm caused by Defendant's false marketing of its services, and the unfair and unlawful tactics Defendant has employed to mislead consumers.

4.       From its inception, ooShirts' entire business has been predicated upon CustomInk and the CustomInk Site. In August 2007, ooShirts placed an ad for a website designer "to create a custom t-shirt website, *like www.customink.com*" and specifically directed the applicant to look at the CustomInk Site for its t-shirt designer and its price calculator ("get quote") page. The web pages that were ultimately displayed on the ooShirts Site copied key design aspects of the corresponding pages of the CustomInk Site, including the t-shirt design pages of the CustomInk Site. ooShirts even named its t-shirt design pages the "Design Lab," a name it copied from the CustomInk Site.

5.       In the Fall of 2010, ooShirts sought out a website designer to make a new homepage for the ooShirts Site that was even more like the homepage of the CustomInk Site. The posting for the website design job included an html link and multiple references to the homepage of the CustomInk Site.

6.       Shortly thereafter, ooShirts sought out a designer to create a widget tool for its "Design Lab" that mimics the corresponding CustomInk tool. The advertisement included a screenshot of the CustomInk tool and instructed that the ooShirts tool "should look like the one shown on this page."

7.       ooShirts' goal of replicating the key elements of the CustomInk Site was achieved. By January 2011, both the Design Lab and the homepage from the CustomInk Site appeared—with only minor variations—on the ooShirts Site.

8.       ooShirts' copying was not limited to the creative design of the CustomInk Site, but extended to at least 180 proprietary graphic designs on the CustomInk Site as well. Accordingly, both the creative content that ooShirts has offered its customers and the creative vehicle by which that content is conveyed to customers were lifted from the CustomInk Site.

9.       On information and belief, ooShirts has adopted other unfair, deceptive and

unlawful tactics to expand its market share in the custom-designed apparel business. For example, ooShirts encourages campus chapters of sororities and fraternities to use its services to make group orders for custom apparel with their Greek letters for members and potential rushees. On information and belief, ooShirts has produced and sold such apparel but has not obtained a license to do so, and has not paid royalties on such sales. ooShirts' conduct is likely to deceive consumers as to the affiliation between ooShirts and the parent fraternity and sorority organizations that control the relevant marks and insignia, or as to the sponsorship or approval of such organizations of ooShirts' goods and services. It also takes away a substantial volume of business from CustomInk, which has entered appropriate licenses and pays royalties to use such marks and insignia.

10.     Other examples of ooShirts' unfair, deceptive and unlawful tactics include, on information and belief, (a) the posting of purportedly "live" customer reviews on the ooShirts Site which were in fact static and selected by ooShirts for posting, and (b) the posting of fake customer reviews which were in fact published by ooShirts itself.

11.     CustomInk notified ooShirts of many aspects of its unlawful conduct and demanded an immediate cessation as well as a full accounting of the revenue and profits derived from such conduct, but efforts to resolve the matter were unsuccessful. Accordingly, Plaintiff CustomInk now brings this action for damages and injunctive relief.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over CustomInk's claims for copyright infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. § 1331, over its Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

14.     Plaintiff CustomInk, LLC is a Virginia limited liability company with its principal

place of business in McLean, Virginia.

15.     Upon information and belief, Defendant ooShirts is a California corporation with its principal place of business in Cupertino, California.

## FACTUAL ALLEGATIONS

16.     CustomInk designed a robust, original website (the "CustomInk Site") which it hosts at http://customink.com. CustomInk holds a valid copyright in multiple versions of the CustomInk Site, including Reg. Nos. TXu 1-181-727; TXu 1-173-377; TXu 1-290-594; TX 7-349-609; TX 7-450-855; and TX 7-518-137. True and correct copies of the Registration Certificates for the CustomInk Site are attached hereto as Exhibit 1 and are incorporated by reference.

17.     CustomInk designs and creates proprietary graphic images for the CustomInk Site (the "CustomInk Images"), which are original works of authorship. CustomInk holds valid copyrights in these two-dimensional images, many of which have been properly registered with the United States Copyright Office. True and correct copies of a series of relevant Registration Certificates for the CustomInk Images (Reg. Nos. VAu 710-550; VA 1-767-682; VA 1-767-684; VA 1-763-794; and VA 1-770-389) are attached hereto as Exhibit 2 and are incorporated by reference.

18.     Defendant is the owner of the ooShirts Site, http://www.ooshirts.com.

19.     Defendant has engaged in the unauthorized reproduction, display, advertising, marketing, and distribution of key design elements of the CustomInk Site, and of numerous CustomInk Images covered by CustomInk's registered copyrights. Defendant's unauthorized use of key design elements of the CustomInk Site is ongoing.

20.     For example, as of January 26, 2011, the homepage and "Design Lab" page of the

ooShirts Site copied the key design elements of the CustomInk Site:



CustomInk homepage c. Oct. 2010



ooShirts copycat homepage c. Jan. 2011



CustomInk Design Lab



ooShirts copycat Design Lab

- 5 -

21.    There are numerous examples—approximately 180—of CustomInk Images that were also copied on the ooShirts Site, such as:



VA 1-767-682      VAu 710-550      VAu 710-550      VA 1-767-684      VA 1-763-794

Copycat images as displayed on ooShirts Site

22.    True and correct copies of infringing ooShirts images known at this time are attached hereto as Exhibit 3, and are incorporated by reference. The infringing webpages displayed above, and the infringing images displayed above and attached in Exhibit 3 are not intended to be an exhaustive list of Defendant's infringement of the CustomInk Site and the CustomInk Images.

23.    CustomInk did not give permission or authority to Defendant for the reproduction, display, advertising, marketing, distribution, or making of derivative works of any of the CustomInk Images or any part of the CustomInk Site.

24.    Defendant, without CustomInk's permission, consent, knowledge, authority or license, has reproduced, distributed, publicly displayed, or otherwise exploited such images and website pages for commercial advantage and financial gain. Defendant's unauthorized use of pages from the CustomInk Site is ongoing.

25.    CustomInk notified ooShirts of its infringement of the CustomInk Images and the

- 6 -

CustomInk Site.  But despite notice from CustomInk, Defendant continues to reproduce, display, advertise, market, and distribute key design elements of the CustomInk website pages on the ooShirts Site.

26.   Defendant has also deceived consumers as to its affiliation with other intellectual property owners, and as to the sponsorship or approval of ooShirts' goods and services, all to the significant financial detriment of CustomInk.  Specifically, ooShirts has implied an affiliation or sponsorship with the parent organizations of college fraternity and sorority societies by encouraging campus chapters to use its services to create and purchase apparel bearing the sororities' or fraternities' marks and insignia.  For example, the ooShirts Site advertises "Custom Shirts for Greeks," and says:  "If there is one thing Greek societies love to do, it is to display their letters as largely as possible across their chests and on rush shirts given to the masses. Well noble campus leaders, ooshirts has exactly what you need."  On information and belief, ooShirts produces and sells such apparel without a license to use such societies' marks and insignia and without paying royalties on the sales.  On information and belief, this deceptive practice misleads consumers and takes substantial business from CustomInk, which has a license administered by Affinity Marketing Consultants to use such marks and insignia, and which pays royalties to the societies, through Affinity Marketing Consultants, on each sale of such apparel.

27.   Defendant has also violated FTC guidelines and engaged in false advertising to increase its share of the customized apparel market.  For example, on information and belief, ooShirts has been posting its own fake reviews of ooShirts as if they were reviews by independent customers.  The following review, which was posted by the principal of ooShirts, Raymond Lei, is one example:

## Ooshirts.com Reviews

**Rlei888** 1 year ago ★★★★★



📖 **1 Reviews**
★ **1 Ratings**

This was the first time I ever ordered custom t-shirts, and I really needed them to be inexpensive. But of course, I also wanted them to look good. When I found ooshirts.com, I was impressed by the prices but wanted to make sure they would look good. I asked them about it and they sent me a shirt preview over email, and promised the shirts would look exactly like the preview. I bought the shirts, and a week later when they were delivered, sure enough, they looked just like it.

28.     In addition, in order to give the false impression that it has confidence in its customer reviews, ooShirts represented to visitors to the ooShirts Site that it was displaying "live" customer reviews on its website. This feature too was copied from the CustomInk Site. But unlike the CustomInk Site, Defendant's representation was false. In fact, on information and belief, ooShirts was displaying static reviews that had been selected by ooShirts staff.

## COUNT I

(Copyright Infringement — 17 U.S.C. § 501, *et seq.*)

29.     CustomInk repeats and incorporates by reference each and every allegation set forth in the preceding paragraphs.

30.     CustomInk is the sole owner of the copyrights identified herein.

31.     Defendant has infringed CustomInk's copyrights, including but not limited to the registrations for the CustomInk Site (Reg. Nos. TXu 1-181-727; TXu 1-173-377; TXu 1-290-594; TX 7-349-609; TX 7-450-855; and TX 7-518-137), and the registrations for CustomInk Images (Reg. Nos. VAu 710-550; VA 1-767-682; VA 1-767-684; VA 1-763-794; and VA 1-770-389).

32.     On information and belief, Defendant's conduct has been willful within the meaning of the Copyright Act. At a minimum, on information and belief, Defendant has acted with willful blindness to and in reckless disregard of CustomInk's registered copyrights.

33.     As a result of the wrongful conduct, Defendant is liable to CustomInk for copyright infringement. CustomInk has suffered damages. CustomInk is entitled to recover actual damages, which include any and all profits Defendant has made as a result of the wrongful conduct. Alternatively, CustomInk is entitled to statutory damages up to and including the maximum amount under 17 U.S.C. § 504(c) (including enhanced damages to the extent there is willful infringement).

34.     CustomInk is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to

an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. CustomInk has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) the CustomInk Images, CustomInk Site, and copyrights are unique and valuable property, which have no readily determinable market value, (b) Defendant's infringement harms CustomInk such that no monetary award is adequate, and (c) Defendant's wrongful conduct, and the resulting damage to CustomInk, is continuing.

35. CustomInk is also entitled to recover its attorneys' fees and costs of suit under 17 U.S.C. § 505.

## COUNT II

(Unfair Competition and Trademark Infringement - Lanham Act § 43(a), 15 U.S.C. § 1125(a))

36. The allegations of paragraphs 1 through 35 are incorporated herein by reference.

37. As described above, Defendant has used third party marks and insignia, and misleading representations of fact, to mislead consumers as to Defendant's goods and services in violation of 15 U.S.C. Section 1125(a).

38. On information and belief, Defendant's past and continuing use of such marks, insignia, and misleading representations of fact is without the authority or permission of the relevant intellectual property owners, including parent fraternity and sorority organizations and their representatives.

39. Defendant has used such third party marks and insignia, and its misleading representations of fact, in interstate commerce, including through websites accessed by customers nationally and in CustomInk's home state of Virginia.

40. Defendant's use of such third party marks, insignia, and misleading representations of fact, has actually deceived, or is likely to deceive, consumers as to its affiliation with the owners of such marks and insignia, or as to the sponsorship or approval of ooShirts' goods and services by such organizations.

41. The deception caused by Defendant's conduct, as described above, is material

- 9 -

including in that it has influenced, or is likely to influence, purchasing decisions.

42. Plaintiff is a licensee of many such parent fraternity and sorority organizations through their representative, Affinity Marketing Consultants, Inc. Pursuant to its licenses, CustomInk is authorized to use fraternity and sorority marks and insignia, and pays royalties to the organizations, through Affinity Marketing Consultants, upon the sale of goods using such marks and insignia.

43. Plaintiff has been injured as a result of Defendant's unlicensed use of such third party marks and insignia, and its misleading representations of fact, including potential decline in sales, erosion of market share, loss of goodwill, and additional losses and damages.

44. Defendant has been unjustly enriched at the expense of Plaintiff as a consequence of Defendant's unlicensed use of such third party marks and insignia, and its misleading representations of fact.

45. The ongoing acts of Defendant constitute infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. As a result of Defendant's wrongful conduct, CustomInk has been irreparably harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

47. CustomInk will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to use of such third party marks and insignia, and such misleading representations of fact.

48. Issuance of injunctive relief is justified by Defendant's conduct, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

49. CustomInk is entitled to an Order requiring Defendant and its representatives and agents to issue corrective statements in a form approved by the Court to dispel the serious competitive impact and effect of the deceptive use of third party marks and insignia, and the misleading representations of fact previously described.

50. Pursuant to 15 U.S.C. § 1117(a), CustomInk is entitled to an Order requiring

Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its use of such third party marks and insignia, and its misleading representations of fact, and to an Order awarding all damages sustained by CustomInk by reason of Defendant's conduct.

51.     Pursuant to 15 U.S.C. § 1117(a), CustomInk is entitled to recovery of all lost profits and reimbursement for expenditures required to correct the deceptive use of third party marks and insignia, and the misleading representations of fact described above.

52.     Defendant's actions have been willful, malicious and fraudulent, with knowledge of the likelihood of deception, and with intent to deceive.

53.     Pursuant to 15 U.S.C. § 1117(a), CustomInk is entitled to recover multiplied or enhanced damages.

54.     This is an "exceptional case" under 15 U.S.C. § 1117(a), and therefore CustomInk is entitled to an award of attorneys' fees and costs.

### COUNT III

(False Advertising - Lanham Act § 43(a), 15 U.S.C. § 1125(a))

55.     The allegations of paragraphs 1 through 54 are incorporated herein by reference.

56.     As described above, Defendant has made false statements or omissions of fact in commercial advertising and promotion concerning ooShirts' Site and services.

57.     Defendant has placed its false statements of fact into interstate commerce, including through websites accessed by customers nationally and in CustomInk's home state of Virginia.

58.     Defendant's false statements or omissions of fact relate to the nature, characteristics, and qualities of the ooShirts Site and associated services.

59.     Defendant's false statements or omissions of fact have actually deceived a substantial segment of the audience exposed to it, or have the capacity for such deception.

60.     The deception caused by the false statements or omissions of fact, as described above, is material including in that such statements or omissions have influenced, or are likely to influence, purchasing decisions.

61. Among Defendant's misstatements are the following:

(a) Defendant represented that it was displaying a "live" presentation of customer reviews when in fact the reviews were static reviews that were selected by ooShirts staff.

(b) Defendant has published its own positive reviews of ooShirts as if they were reviews by independent customers.

(c) In addition, Defendant has falsely represented that it has the right and ability to supply consumers with designs that were and are in fact the exclusive property of Plaintiff.

62. Plaintiff and Defendant are in direct, head-to-head competition, such that false promotional statements and unfair competition by Defendant will presumptively harm Plaintiff.

63. Plaintiff has been injured as a result of Defendant's false statements or omissions of fact including potential decline in sales, erosion of market share, loss of goodwill, and additional losses and damages.

64. Defendant has been unjustly enriched at the expense of Plaintiff as a consequence of Defendant's false advertising.

65. The ongoing acts of Defendant constitute false advertising and unfair trade in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. As a result of Defendant's wrongful conduct, CustomInk has been irreparably harmed and is facing further imminent irreparable harm for which there is no adequate remedy at law.

67. CustomInk will continue to suffer irreparable harm unless Defendant is temporarily, preliminarily, and permanently restrained from continuing to disseminate the false statements regarding its website, products, and services.

68. Issuance of injunctive relief is justified by Defendant's false advertising, is needed to avert irreparable harm, is justified by the balance of the equities, and is in the public interest.

69. CustomInk is entitled to an Order requiring Defendant and its representatives and agents to destroy or recall the misleading and false statements.

70. CustomInk is entitled to an Order requiring Defendant and its representatives and

agents to issue corrective statements in a form approved by the Court to dispel the serious
competitive impact and effect of the false representations previously described.

71.    Pursuant to 15 U.S.C. § 1117(a), CustomInk is entitled to an Order requiring
Defendant to account for any and all profits and other ill-gotten gains Defendant derived from its
false advertising, and to an Order awarding all damages sustained by CustomInk by reason of
Defendant's conduct.

72.    Pursuant to 15 U.S.C. § 1117(a), CustomInk is entitled to recovery of all lost profits
and reimbursement for expenditures required to correct the false statements described above.

73.    Defendant's actions have been willful, malicious and fraudulent, with knowledge of
the likelihood of deception, and with intent to deceive.

74.    Pursuant to 15 U.S.C. § 1117(a), CustomInk is entitled to recover multiplied or
enhanced damages.

75.    This is an "exceptional case" under 15 U.S.C. § 1117(a), and therefore CustomInk is
entitled to an award of attorneys' fees and costs.

## COUNT III

(Deceptive or Misleading Advertising (Va. Code §59.1-68.3; §18.2-216))

76.    The allegations of paragraphs 1 through 75 are incorporated herein by reference.

77.    Defendant's deceptive and misleading advertising, and its use of fraudulent,
deceptive and misleading practices in order to induce sales of its services and artificially inflate
the status of the ooShirts Site violate Virginia Code Section 18.2-216 and support a claim for
damages and attorneys' fees under Virginia Code Section 59.1-68.3.

78.    Defendant published deceptive and misleading advertising about its ooShirts Site and
services which it knew to be deceptive and/or misleading, and engaged in practices it knew to be
deceptive and misleading, with an intent to sell the services offered in connection with the
ooShirts Site.

79.    Defendant engaged in such deceptive and misleading advertising and in such

deceptive and misleading practices to induce sales of its services.

80.     Defendant has made and continues to make substantial profits as a result of its deceptive and misleading advertising and its deceptive and misleading practices.

81.     As a result of Defendant's acts in violation of <u>Virginia Code Section 18.2-216</u>, CustomInk has suffered substantial losses, and is entitled to recover damages and attorneys' fees under <u>Virginia Code Section 59.1-68.3</u>.

## PRAYER FOR RELIEF

WHEREFORE, CustomInk prays for judgment as follows:

(a)     that Defendant be found to have willfully infringed CustomInk's rights in the following federally registered copyrights under <u>17 U.S.C. Section 501</u>: CustomInk Site (Reg. Nos. TXu 1-181-727; TXu 1-173-377; TXu 1-290-594; TX 7-349-609; TX 7-450-855; and TX 7-518-137); CustomInk Images (Reg. Nos. VAu 710-550; VA 1-767-682; VA 1-767-684; VA 1-763-794; and VA 1-770-389);

(b)     that Defendant be found to have infringed third party marks and insignia, to have made misleading representations of fact, and to have competed unfairly with Plaintiff, in violation of federal law;

(c)     that Defendant be found to have falsely advertised the ooShirts Site and Defendant's services, in violation of federal law;

(d)     that Defendant be found to have engaged in deceptive and misleading advertising, and/or deceptive and misleading practices in connection with the advertising of the ooShirts Site and Defendant's services, in violation of Virginia law;

(e)     that Defendant be enjoined from reproducing, publicly displaying, making any derivative works from, distributing, or otherwise infringing any CustomInk Images, the CustomInk Site, or any other copyright protectable material on the CustomInk Site, and enjoined from making false claims and representations about the ooShirts

Site and Defendant's services;

(f)     that Defendant be required to publish notice to all actual or potential customers who may have seen, heard of, or purchased any of Defendant's falsely advertised services, which notice shall advise the recipient(s) of the Court's injunction and of Defendant's withdrawal from the market of its false claims and representations;

(g)     that Defendant be directed to pay to CustomInk money damages sustained by reason of Defendant's wrongful acts, the exact amount to be proven at trial, together with interest thereon; or if elected prior to final judgment, statutory damages pursuant to Copyright Act, 17 U.S.C. Section 504(b), *et seq.*;

(h)     that Defendant be directed to deliver to CustomInk all profits realized by Defendant during its infringement, unfair competition and false advertising pursuant to 15 U.S.C. Section 1117 and other applicable laws and statutes;

(i)     that CustomInk be awarded treble damages and three times the amount of defendant's profits pursuant to 15 U.S.C. Section 1117 and other applicable laws and statutes;

(j)     that Defendant pay CustomInk's reasonable attorneys' fees, costs, and expenses incurred in connection with this action;

(k)     that CustomInk be awarded prejudgment interest on any monetary award made part of the judgment against Defendant; and

(l)     that CustomInk be awarded such additional and further relief as the Court deems just and proper.

## **JURY DEMAND**

CustomInk hereby demands trial by jury on all issues so triable under Fed. R. Civ. P. 38.

Respectfully submitted,

ARNOLD & PORTER LLP

*Douglas A. Winthrop
*Robert D. Hallman
*Elizabeth Wang
Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
Direct:  415.471.3174
Facsimile:  415.471.3400
Email:  douglas.winthrop@aporter.com
Email:  robert.hallman@aporter.com
Email:  lisa.wang@aporter.com

By:

Randall K. Miller (VA Bar #70672)
Nicholas M. DePalma (VA Bar #72886)
1600 Tyson Boulevard, Suite 900
McLean, VA  22102-4865
Main:  703.720.7000
Direct:  703.720.7030
Facsimile:  703.720.7399
Email:  Randall.Miller@aporter.com
Email:  Nicholas.DePalma@aporter.com

*Counsel for CustomInk LLC*

*subject to admission *pro hac vice*